*Wilson, for appellant.*
*Merriott, for appellee.*

---

## ANTHONY ROBERTSON *v.* SAMUEL ULTINGER.

**Wills—Legacy to Revert to Testator's Estate Upon the Death of Any of the Legatees.**

All the estate loaned to testator's wife, except the land already disposed of, shall be divided into six equal parts, giving to the grandsons one equal part with the testator's children, and if either one of the six shall be dead (that is ,at the death of the wife), leaving no child or children, then his or her part, so dying, is to revert back to the testator's estate and be equally divided among his surviving children and the children of such as may be dead."

**Held,** that the devisor intended that if either of his children or grandchildren died without issue, that his or her part should revert back to the survivors.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 6, 1872.

OPINION BY JUDGE PRYOR:

The devisor by the ninth clause of his will recites the fact that he has already given his son, Benjamin Crum, one hundred and twenty acres of land, and that at the death of his wife the balance of his land is to be divided into five equal parts, his three daughters to have a share each and his grandsons a share each, and further devises that all of his estate loaned to his wife, except the land already disposed of, shall be divided into six equal parts, giving to each one of his grandsons, one equal share with his children, and *"if either one of the six shall be dead (that is at the death of the wife) leaving no child or children, then his or her part so dying is to revert back to my estate and be equally divided among my surviving children and the children of such as may be dead."*

He also directs that the portion of his estate willed to his daughter Martha Weathers, if she should die without children "is to, after giving her husband a life estate therein, be equally divided between all of his children and the children of such as may be dead." The devisor further provides, that should any of my children die leaving no issue then it is my will and desire that the part or parts of my estate in the hands of said deceased ones, shall revert back to my estate, and be equally divided between all my children then living and such of my grandchildren as may then be living, and this item is to apply fully to my lands, so that if any of my children die leaving no issue then the land from my estate in the possession of said deceased one or ones, shall likewise revert to my estate and be equally divided between all my children and grandchildren then living.

The devisor certainly intended when he executed this will that if either of his children or grandchildren died without issue, that his or her part should revert back to the survivors. The grandchildren were as much the objects of his bounty as the children, as is evident for the reason that he gave them the same interests in his estate, but did he intend to place a limitation upon the rights of his own children to dispose of their interests in his estate, and at the same time vests his grandchildren with the absolute title? We think not. The whole will evidences the fact that they were to own equal interests (except half) and to

hold their property in the same way. The construction placed upon the will by the counsel for the grandson would give to him an interest in the estate devised to each one of the survivors children in the event they died childless, but they would be entitled to no part of the grandsons' interest in the event he died without children. The grandson could dispose of his part of the estate by will or otherwise and the devisor's own children are prohibited by the provisions of the will from disposing of their interests in order that the grandson may inherit it upon the happening of the contingency mentioned, viz: dying without issue. His daughter, Martha Weathers, who has no children, is not permitted to dispose of her estate, but the grandson is. This construction of the will would vest the two grandsons with a greater estate than the devisor's own children, and this he never intended. The devisor says: that should any of my children die leaving no issue, then that interest is to revert back and belong to my children and grandchildren living, and this item is to apply fully to my lands, etc. A blank seems to have been left in the will and within that blank is filled with children or grandchildren, it makes no difference. The intention of the devisor we think is clear, and that is: that the children and the grandchildren should hold this property alike. If the grandson should die without leaving children his interest in the estate will pass to the surviving devisees under the will. The judgment is reversed and cause remanded for further proceedings consistent with this opinion.

*Kinkead & Buikner, for appellant.*

*Carr, for appellee.*